UNITED STATES of America ex rel.
Gregory A. THOMAS, Appellant,

v.

Julius T. CUYLER, Superintendent and District Attorney of Philadelphia County.

No. 75–2213.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 12, 1976.

Decided Jan. 7, 1977.

Rehearing In Banc Denied
March 14, 1977.

---

Before MARIS and WEIS, Circuit Judges, and GERRY, District Judge.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This is an appeal by the relator, Gregory A. Thomas, from an order of the District Court for the Eastern District of Pennsylvania denying without a hearing his petition for a writ of habeas corpus. Thomas, after a jury trial in the Court of Common Pleas of Philadelphia, was convicted of first degree murder, aggravated robbery, carrying a concealed deadly weapon and conspiracy and was sentenced to life imprisonment. He appealed his conviction of the first two of these offenses to the Supreme Court of Pennsylvania on several grounds, among them alleged insufficiency of the evidence against him and alleged improper presentation before the jury of a Commonwealth witness' prior statement. The Supreme Court upheld the convictions. It ruled that the presentation of the prior statement in question in its entirety was excessive and, therefore, erroneous, since under Pennsylvania law the Commonwealth may present a prior inconsistent statement to impeach its own witness only to the extent that the witness, to the surprise of the Commonwealth, has testified adversely to its case. However, the Supreme Court held that here the error was harmless in view of the overwhelming evidence of guilt. Thereafter, Thomas filed the petition for a writ of habeas corpus from the denial of which the present appeal has been taken.

At Thomas' trial the Commonwealth called as witnesses, among others, Michael Grant, Renee Wilson, Milton Wilson and Anthony Gwaltney. Grant testified that on the afternoon of the day of the shooting death for which Thomas was charged, Thomas asked him to hold a gun for him because he had just shot a man. This Grant did not believe at the time, but when later he heard on a news telecast of the shooting, he gave the gun back to Thomas. Renee Wilson testified that on the day of the

David A. Gradwohl, Philadelphia, Pa., for appellant.

Bonnie Brigance Leadbetter, Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty., F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, Pa., for appellees.

shooting Thomas told her to put in her house what she would find under a box in her back yard. She found a gun under the box and put it on a shelf in the cellar. Renee and her brother, Milton Wilson, testified that Thomas came to their house that same day and asked for and received the gun in the presence of Gwaltney and Michael Townsell (an accomplice of Thomas who was tried separately).

Gwaltney testified at Thomas' trial that he, Townsell and Milton Wilson were at Wilson's home when Thomas arrived there on the day of the shooting corroborating the Wilsons up to that point. However, he then testified that he could not remember anything further. It was at this juncture that the Commonwealth made reference to Gwaltney's prior statement to the police. Gwaltney testified that he recalled making the statement but did not remember what he said. The court then permitted the Commonwealth to cross-examine Gwaltney by reading the entire prior statement in the form of questioning as to whether he remembered making the particular assertions mentioned in the questions, including the assertions as to Thomas' retrieval of the gun and his admission that he had shot a man. To these questions Gwaltney answered that he, Townsell, Thomas and Milton Wilson were sitting in the front of the Wilson house but no conversation took place between them and that he remembered nothing further. The Commonwealth also presented testimony by Gwaltney given at the trial of Townsell to the same effect as his statement to the police. The gun referred to in the testimony was not produced by the Commonwealth.

On this appeal counsel [1] for the relator contends that the relator was deprived of his constitutional rights when the prior unsworn statement of Gwaltney to the police was permitted to be used by the Commonwealth in cross-examining that witness. It is argued that the relator was deprived of his confrontation right under the Sixth Amendment by the use of this statement, since Gwaltney had not been subjected to cross-examination at the time it was made. That this contention is without merit was made clear by the Supreme Court of the United States in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), when, in its opinion in that case, the Court said (at p. 164, 90 S.Ct. at p. 1938): ". . . the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories."

It is further argued that the relator was denied his confrontation rights under the Sixth Amendment because Gwaltney's alleged lack of memory rendered the relator's right of cross-examination as to the contents of the statement illusory in fact. This question as to whether a witness' apparent lapse of memory so affects the defendant's right to cross-examine as to make a critical difference in the application of the Confrontation Clause has not yet been decided by the Supreme Court, having been expressly reserved by the Court in *California v. Green*, 399 U.S. at pp. 168–170, 90 S.Ct. 1930. It is likewise open in this circuit. The question was considered at length by Justice Harlan in his concurring opinion in *California v. Green*, however. In that opinion he said (399 U.S. at pp. 188–189, 90 S.Ct. at pp. 1950):

"Putting aside for the moment the 'due process' aspect of this case, . . . it follows, in my view, that there is no 'confrontation' reason why the prosecution should not use a witness' prior inconsistent statement for the truth of the matters therein asserted. Here the prosecution has produced its witness, Porter, and made him available for trial confrontation. That, in my judgment, perforce

---

1. Appellate counsel was appointed for the relator by this court and he has assisted us with able and exhaustive briefs of argument.

satisfies the Sixth Amendment. Indeed, notwithstanding the conventional characterization of an available witness' prior out-of-court statements as hearsay when offered affirmatively for the truth of the matters asserted, . . . this is hearsay only in a technical sense since the witness may be examined at the trial as to the circumstances of memory, opportunity to observe, meaning, and veracity. . . . I think it fair to say that the fact that the jury has no opportunity to reconstruct a witness' demeanor at the time of his declaration, and the absence of oath are minor considerations.

"The fact that the witness, though physically available, cannot recall either the underlying events that are the subject of an extra-judicial statement or previous testimony or recollect the circumstances under which the statement was given, does not have Sixth Amendment consequence. The prosecution has no less fulfilled its obligation simply because a witness has a lapse of memory. The witness is, in my view, available. To the extent that the witness is, in a practical sense, unavailable for cross-examination on the relevant facts, . . . I think confrontation is nonetheless satisfied."

Justice Harlan's conclusion was (399 U.S. at p. 174, 90 S.Ct. at p. 1943) that ". . . the Confrontation Clause of the Sixth Amendment reaches no farther than to require the prosecution to *produce* any *available* witness whose declarations it seeks to use in a criminal trial."

The view thus expressed by Justice Harlan has found favor in a number of the circuits,[2] and we are referred to no case to the contrary in any circuit. Indeed, in *United States v. Payne*, 492 F.2d 449, 454 (1974), the Court of Appeals for the Fourth Circuit went so far as to hold that the

Confrontation Clause was satisfied by the presence of the witness whose prior statement was being offered as substantive evidence even though the witness could not recall making the statement or any of its contents. Here Gwaltney identified his signature on the statement and remembered making it and some of its contents.

■ We are constrained to adopt the view enunciated by Justice Harlan in his concurring opinion in *California v. Green* and followed in the cases cited in the note. We recognize, of course, that a witness whose prior statement is to be used must not only be produced but must also be sworn and made available for cross-examination. A witness who refuses to be sworn or to testify at all[3] or one who, having been sworn, declines to testify on Fifth Amendment grounds,[4] has not been thus made available for cross-examination. But if he has been sworn and made available the fact that he suffers or feigns a loss of memory does not lessen the fact that the defendant has been confronted with him and presented with the opportunity to cross-examine him to the extent possible, which is all that the Sixth Amendment requires. We, accordingly, hold that the use which the Commonwealth in the present case made of Gwaltney's prior statement did not offend the Confrontation Clause of the Sixth Amendment, either because of the fact that Gwaltney was not subject to cross-examination when it was made or because of the fact that he claimed a loss of memory when it was sought to cross-examine him about it.

■ The relator's third and last contention is that his trial was so fundamentally unfair as to deny him due process of law. The contention appears to be based upon the proposition that under the guise of

---

2. *United States v. Payne*, 492 F.2d 449 (4th Cir.), *cert. denied*, 419 U.S. 876, 95 S.Ct. 138, 42 L.Ed.2d 115 (1974); *United States v. Infelice*, 506 F.2d 1358 (7th Cir.), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802 (1974), *reh. denied*, 420 U.S. 956, 95 S.Ct. 1342, 43 L.Ed.2d 433 (1974); *United States v. Insana*, 423 F.2d 1165 (2d Cir.), *cert. denied*, 400 U.S. 841, 91 S.Ct. 83, 27 L.Ed.2d 76 (1970).

3. *United States v. Fiore*, 443 F.2d 112 (2d Cir. 1971), *cert. denied*, 410 U.S. 984, 93 S.Ct. 1510, 36 L.Ed.2d 181 (1973).

4. *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

impeachment the Commonwealth got into evidence Gwaltney's entire statement even though he professed no memory of most of it and that the cautionary instructions which the trial judge gave to the jury with respect to it were insufficient to erase it from their minds. It is true that the Supreme Court of Pennsylvania held on the relator's appeal from his conviction that the use of the statement by the Commonwealth was erroneously excessive. This, however, was a ruling on Pennsylvania evidence law which law appears not to permit the use of such a statement as substantive evidence when the declarant is himself a witness. This, however, is purely a question of the application of the local hearsay rule, which in most states permits the use of a statement as substantive evidence only when the declarant is unavailable as a witness. The question does not have federal constitutional dimensions, however, as the Supreme Court indicated in *California v. Green* when it said (399 U.S. 149 at pp. 166–167, 90 S.Ct. at p. 1939): "It may be that the rules of evidence applicable in state or federal courts would restrict resort to prior sworn testimony where the declarant is present at the trial. But as a constitutional matter, it is untenable to construe the Confrontation Clause to permit the use of prior testimony to prove the State's case where the declarant never appears, but to bar that testimony where the declarant is present at the trial, exposed to the defendant and the trier of fact, and subject to cross-examination." Moreover, the Supreme Court of Pennsylvania concluded that in view of the trial judge's cautionary instructions and the witness' persistence in his inability to recall the events, as well as the overwhelming evidence of guilt, the error was harmless. Since what the Supreme Court of Pennsylvania held to be an excessive use of Gwaltney's statement was not a violation of the Confrontation Clause of the Sixth Amendment, we cannot hold that it violated due process of law. Nor can we so stamp the action of the Supreme Court of Pennsylvania in holding that this excessive use of the statement was harmless error under the circumstances of the case.

The order of the district court will be affirmed.