## 38980. COBB v. THE STATE.

JORDAN, Chief Justice.

Anthony Cobb was convicted in Bibb County for the malice murder and armed robbery of Raymond Edwards, a motel clerk. Cobb committed a string of four similar armed robberies and witness elimination murders in Florida and Georgia during November and December of 1976. See, e.g., *Cobb v. State,* 244 Ga. 344 (260 SE2d 60) (1979). He appeals, enumerating as error the imposition for the murder of Edwards of a life sentence to run consecutively to a twenty-five year sentence for robbery previously imposed in Florida, and the imposition of a second life sentence for the armed robbery of Edwards to run consecutively to the life sentence for the murder of Edwards.

As the general grounds are not enumerated, the relevant facts are that Cobb planned and executed the armed robbery of Edwards, fired the fatal .22 caliber pistol shot, and stated that he shot Edwards to eliminate him as witness to the motel robbery.

The state sought the death penalty. During the sentencing phase, the jury found three aggravating circumstances but was unable to agree to a verdict. The court then declared a mistrial as to sentence and imposed the consecutive life sentences enumerated as

error.

1. Cobb first contends that *Anglin v. State,* 244 Ga. 1, 2 (1) (257 SE2d 513) (1979), required the trial court to set his Georgia life sentence for murder to run concurrently with his previous Florida twenty-five year sentence for robbery. We disagree. The jury in *Anglin* found two life sentences without specifying whether those sentences were to run concurrently or consecutively. Hence, under authority of *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), the trial court was required to fix the sentences to run concurrently. The present case first is distinguishable from *Anglin* in that the jury here made no finding as to sentence (life or death) although jury findings as to aggravating circumstances were made and returned. The present case further is distinguishable from *Anglin* in that *Wade* and its progeny have not been applied when the other sentence was not imposed by a Georgia court. *Wheeler v. Jernigan,* 248 Ga. 302 (282 SE2d 891) (1981); *Taylor v. Green,* 229 Ga. 164 (190 SE2d 66) (1972); *Grimes v. Greer,* 223 Ga. 628 (157 SE2d 260) (1967). The previous twenty-five year sentence for robbery was imposed by a Florida court. The first enumeration of error is wanting in merit.

2. Cobb's remaining contention is that since the evidence could have supported a conviction for felony murder the life sentence for the underlying felony of armed robbery in effect should be "merged" with the life sentence for the murder by causing the two life sentences to run concurrently, rather than consecutively. This theory ignores the facts that Cobb planned and carried out the armed robbery, fired the fatal bullet, and was convicted of malice murder rather than felony murder. Cobb committed two offenses, armed robbery and malice murder. See the concurring opinion of Presiding Justice (then Justice) Hill in *Burke v. State,* 234 Ga. 512, 519 (4) (216 SE2d 812) (1975). The trial court was not constrained to impose concurrent life sentences as the jury made no finding as to sentence. Division 1, supra. The second enumeration of error is meritless.

*Sentences affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1982.

*Hugh Q. Wallace,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.