PER CURIAM.
Appellant seeks review of an order denying his Fla.R.Crim.P. 3.850 motion for post-conviction relief. By his Rule 3.850 motion appellant sought to have vacated a sentence for the offense of attempted murder in the first degree, upon an assertion that the double jeopardy clause of the Fifth Amendment precludes such a sentence in conjunction with a cotemporaneous sentence for robbery. We find that appellant’s motion fails to allege a factual predicate upon which the requested relief could be granted, and we therefore affirm the order appealed.
The record indicates that “during the course of a robbery [appellant] shot a cab driver _” In his motion for post-conviction relief appellant describes his offenses only as robbery and attempted murder in the first degree.[1] Murder in the first degree encompasses both felony-murder and premeditated murder, see § 782.-04(1)(a), Florida Statutes, and the factual assertions of the record below do not negate the conclusion tht this case was prosecuted on a premeditated theory. Although under Florida law a defendant may not be sentenced for both felony-murder and the predicate felony, see Hawkins v. State, 436 So.2d 44 (Fla.1983); State v. Hegstrom, 401 *1155 So.2d 1343 (Fla.1981), the absence of a clear allegation that appellant’s plea and conviction were predicated on a felony-murder theory precludes the relief requested.
Even were this case clearly one involving sentences for robbery and attempted felony-murder predicated on such robbery, still the requested relief would be properly denied. Appellant’s motion in the trial court, his memorandum in support thereof, and his appeal to this court challenge only the sentence imposed for the attempted first degree murder. While the legislature has not authorized multiple sentences for a defendant convicted of both a predicate felony and felony-murder, such a defendant may be sentenced for the greater offense of felony-murder. See Hawkins v. State, supra; State v. Hegstrom, supra. Appellant’s motion for relief is addressed only to the propriety of his attempted murder sentence, and does not include a challenge to his robbery sentence. Appellant has thus presented only a limited challenge to a permissible sentence, and is therefore not entitled to the relief requested.
The order appealed is affirmed.
MILLS, WENTWORTH and BAR-FIELD, JJ., concur.

. In a memorandum filed in support of his motion Britt refers to "the underlying felony robbery"; however, he continues to describe the greater offense as attempted murder in the first degree, and does not otherwise assert that his plea and conviction were predicated on a felony-murder theory.