484 A.2d 155

**COMMONWEALTH of Pennsylvania**

v.

**Gregory Aaron THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed Nov. 9, 1984.

Petition for Allowance of Appeal Granted for Commonwealth May 20, 1985.

Petition for Allowance of Appeal Denied for Appellant May 20, 1985.

Michael J. Byrne, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order denying appellant's petition filed under the Post Conviction Hearing Act, 19 P.S. §§ 1180-1 *et seq.* (hereafter PCHA)[1] raising various allegations of ineffectiveness of counsel. Appellant also raised the question of legality of sentence for the first time in a supplemental brief to this appeal. We affirm the order of the trial court denying relief under the PCHA, and vacate one of appellant's sentences on the basis of illegality.

The pertinent facts are as follows:

Appellant was arrested on January 16, 1970, and in due course indicted as of Bill Nos. 16-19, March Term, 1970, charging him with murder, aggravated robbery, conspiracy and weapons offenses.

Trial was held on October 27, 1971, before the Honorable James T. McDermott of the Court of Common Pleas of Philadelphia County, sitting with a jury. The jury returned verdicts of guilty on all Bills on November 2, 1971. Post verdict motions were denied on May 15, 1973. Thomas was sentenced to life imprisonment for murder in the first degree and a consecutive twenty year sentence was imposed for aggravated robbery.

Represented by new counsel, appellant took a direct appeal to the Supreme Court of Pennsylvania, which affirmed the lower court's decision. *Commonwealth v. Thomas,* 459

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. §§ 1180-1 *et seq.; repealed,* Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1397]. The current Post Conviction Hearing Act is found at 42 Pa.C.S.A. §§ 9541 *et seq.*

Pa. 371, 329 A.2d 277 (1974).[2] Petition for reargument was denied on February 19, 1975. Turning to the federal courts, appellant filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania on July 23, 1975. The Honorable Alfred L. Luongo denied relief without opinion on August 27, 1975. *United States ex rel. Thomas v. Cuyler,* Docket No. 752034 (E.D.Pa.1977). The United States Court of Appeals for the Third Circuit affirmed. *United States ex rel. Thomas v. Cuyler,* 548 F.2d 460 (3d Cir.1977).

On July 6, 1977, appellant filed a *pro se* petition in the Court of Common Pleas of Philadelphia County seeking PCHA relief. Counsel was appointed and an amended petition was filed. On March 19, 1982, after a hearing, the Honorable Edward J. Blake denied appellant's petition for relief, finding waiver; or, in the alternative, that appellant's claims were meritless. This is an appeal from that order.

## I.

Appellant is claiming ineffectiveness of trial counsel in that he: (1) failed to object to certain allegedly improper remarks made by the prosecution; (2) allowed the prosecution to cross-examine its own witness; (3) elicited uncontradicted hearsay evidence.

However, ineffectiveness of trial counsel was not raised by newly appointed counsel on direct appeal. Consequently, the issue of trial counsel's ineffectiveness is waived. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

With respect to appellate counsel, appellant contends that his representation also was ineffective, solely because he failed to raise the issue of trial counsel's ineffectiveness.

In evaluating such a claim, "the threshold question is whether the allegations of trial counsel's ineffectiveness would have been frivolous. If so, we need engage no

**2.** The judgment of sentence under the murder indictment was appealed directly to the Supreme Court of Pennsylvania, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, 17 P.S. § 211.202 (1) (Supp.1974–75).

further in exploration of the basis of post-trial counsel's omission." *Commonwealth v. Hubbard, supra* at 472 Pa. 281, 372 A.2d at 697.

We now turn to an evaluation of the three allegations of trial counsel's ineffectiveness stated above.

On direct appeal, the Pennsylvania Supreme Court examined the alleged impropriety on the part of the prosecution at trial and concluded that reversible error did not occur when the prosecutor referred to the witness and appellant as "bums." The Court also examined appellant's claim that prejudicial error occurred when the prosecution was permitted to impeach one of its own witnesses. On this contention the Court concluded that the prosecution was properly permitted to cross-examine its own witness when the prosecution was surprised by the unexpected contradiction of the witness' prior statements to police, and that error in allowing the prosecutor's cross-examination to go beyond the scope of the prior statements was harmless. *Commonwealth v. Thomas, supra.*

■ Appellant now urges this court to reconsider the same issues under an ineffective assistance of counsel theory. Since these issues were fully considered on direct appeal, they are fully litigated and not open to collateral attack. 19 P.S. §§ 1180–3(d), 1180–4(a)(3); *Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980).

■ Appellant's final contention under the PCHA, is that trial counsel was ineffective in the manner in which he conducted cross-examination of a prosecution witness. Appellant argues that due to the lack of elemental preparation for trial, counsel elicited uncontradicted hearsay evidence which falsely led the jury to believe that appellant had previously been identified by an eyewitness who did not testify at trial.

The prosecution witness and his cousin were eyewitnesses to the alleged murder. The cousin did not testify at trial. However, trial counsel asked questions of the prosecution witness regarding his cousin's identification of one of the

defendants at the police station (N.T., PCHA 12/6/79, pp. 7–8). Appellant argues that trial counsel was ineffective in continuing his inquiry concerning the course of conduct which occurred at the police station. The following line of questioning ensued:

Q. Now, your cousin, was he across the street?

A. Yes.

Q. Was he—did he come to the police station with you?

A. Yes.

Q. Where was he standing when these men ran past you, do you know?

A. No, I don't.

Q. What is his name?

A. Robert Alfer.

Q. Robert what?

A. Robert Alfer.

Q. Does he live in the neighborhood of 61st and Market, also?

A. Yes.

Q. He went to he police station with you?

A. Yes.

Q. Was he asked to identify these men that were involved in this hold-up?

A. Yes.

Q. Do you know if he did?

A. I think he did. I'm not too sure. I didn't ask him.

Q. Were you present when he was asked to identify these persons?

A. Yes.

Q. And who if anybody did he identify?

A. He identified the darker man.

Q. Pardon me?

A. He identified the darker man.

Q. The darker man?

A.  Right.

(N.T. 46–47).

In resolving this contention we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

"[c]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

Since the prosecution witness could not identify appellant, trial counsel attempted to get the same information from the prosecution witness about his cousin's identification.

At appellant's PCHA hearing, counsel testified that is was his intention to impeach the prosecution witness because of his prior testimony that he could not remember, at first, whether or not his cousin made an identification of appellant.  Counsel further testified that his cross-examination was an effort to emphasize the witness' inability to identify the appellant even though he was in very close range of both of the defendants allegedly escaping from the scene (N.T., PCHA 12/6/79, p. 17).

As we have determined that appellant's claims of ineffectiveness of trial counsel had no chance of succeeding, appellate counsel, therefore, had no reasonable grounds upon which to assert trial counsel's ineffectiveness on direct appeal.  We need not inquire into appellate counsel's reasons for failing to raise these issues on appeal for counsel cannot be found ineffective for failure to raise meritless claims.  *Commonwealth v. Hubbard, supra.*

Order affirmed.

## II.

In a supplemental brief, the appellant raises the claim that the sentences imposed on him were illegal.[3]  On May

3.  Although appellant raises this issue for the first time in his supplemental brief on this appeal, it is properly addressed here since the question of the legality of a sentence is never waived.  *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227

21, 1973, the appellant was sentenced to life imprisonment on a conviction of first degree murder, and also sentenced to a consecutive term of ten to twenty years on a conviction of aggravated robbery. Appellant contends that the aggravated robbery conviction should have merged with the first degree murder conviction for the purposes of sentencing, and, therefore, the imposition of two punishments for crimes constituting the same offense violates the multiple punishment aspect of the Double Jeopardy Clause of the Fifth Amendment.

At the outset, we note that at the time of the commission of these crimes, the crime of first degree murder was governed by the Penal Code of 1939 which provided:

Section 701. Murder of the First and Second Degree.— All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree....

Act of June 24, 1939, P.L. 872, § 701, 18 P.S. § 4701. (Repealed June 6, 1973). Thus, first degree murder under the Penal Code of 1939 encompassed both willful, deliberate, and premeditated killing; as well as felony-murder involving the five enumerated felonies.

The appellant's first degree murder conviction under this statute was of the felony-murder type, based on the underlying felony of aggravated robbery. The evidence at trial established that on January 14, 1970, the victim, a deliveryman for a meat packing company, was in the process of making a delivery to a small meat market in Philadelphia. Two men accosted him in his truck. The first man scuffled with the victim in an attempt to get the victim's money. The victim resisted, and then the second man, identified as the appellant, stepped up and shot the victim in the stom-

(1976); *Commonwealth v. Fortune,* 305 Pa.Super. 441, 451 A.2d 729 (1982); *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 391 A.2d 662 (1978).

ach. The two men ran from the scene. The victim subsequently died.

■ Relying on a case directly on point, *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981), the appellant asserts that his consecutive sentence for aggravated robbery must be vacated. We agree. In *Tarver*, the appellant was convicted of first degree murder under the Penal Code of 1939, such conviction resting on felony-murder. The appellant in *Tarver* was also convicted of the underlying felony which was aggravated robbery. Sentence was imposed of life on the first degree murder conviction, and, consecutively, ten to twenty years on the aggravated robbery conviction. The court in *Tarver* vacated the aggravated robbery sentence on the grounds that the underlying felony of robbery was a constituent offense of the felony-murder, and, therefore, double jeopardy prevented the trial court from exceeding its legislative authority and imposing multiple punishments. Consequently, we must vacate appellant's consecutive sentence for aggravated robbery in the appeal before us.

Accordingly, the order of the trial court denying appellant relief under the PCHA is affirmed, and the judgment of sentence entered upon the robbery conviction is vacated.

WIEAND, J., files a concurring statement.

WIEAND, Judge:

I join Part I of the majority's opinion and concur in vacating the separate sentence imposed for robbery. I concur in Part II solely because I am compelled to do so by the decision of the Supreme Court in *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981). I am of the opinion, however, that *Tarver* should be reconsidered. In my best judgment, the crimes of robbery and murder committed by appellant in this case were distinct and discrete offenses; the former was not a necessary ingredient of the latter; and principles of double jeopardy do not prevent separate sentences for robbery and an intentional killing

committed during the course thereof. See: *McCampbell v. State,* 421 So.2d 1072, 1074 (Fla.1982); *Britt v. State,* 453 So.2d 1154 (Fla.Dist. Ct.App.1984); *Cobb v. State,* 250 Ga. 1, 2, 295 S.E.2d 319, 320 (1982); *People v. Gulliford,* 86 Ill.App.3d 237, 244, 41 Ill.Dec. 596, 602, 407 N.E.2d 1094, 1100 (1980); *State v. Close,* 623 P.2d 940, 948–951 (Mont. 1981); *Koza v. State,* Nev., 681 P.2d 44, 50 (1984); *State v. Martinez,* 95 N.M. 421, 424–425, 622 P.2d 1041, 1044–1045 (1981); *Fitzgerald v. Commonwealth,* 223 Va. 615, 634– 638, 292 S.E.2d 798, 809–811 (1982), *cert. denied,* 459 U.S. 1228, 103 S.Ct. 1235, 75 L.Ed.2d 469, *reh. denied,* 460 U.S. 1105, 103 S.Ct. 1809, 76 L.Ed.2d 371 (1983).