State of Wisconsin, Plaintiff-Respondent,
v.
Allan J. Salinas, Defendant-Appellant.
No. 2004AP1783-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 28, 2005.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Allan Salinas appeals a judgment convicting him of substantial battery as a repeat offender.[1] He challenges the admission of a prior statement the victim made to a police officer. We affirm for the reasons discussed below.

BACKGROUND
¶2 The substantial battery charge arose out of a domestic dispute between Salinas and his girlfriend, Linda Hooper. Hooper was taken to the emergency room by ambulance in the early morning hours of October 24, 2000, for treatment of a head laceration that required four stitches. Hooper told an investigating officer that she and Salinas had both been drinking and were continuing an argument from the night before. Hooper said that, during the argument, she had thrown a spoon and a knife and the contents of her glass tumbler at Salinas, and Salinas had then grabbed the empty glass and smashed it over her head as she turned and ducked. When questioned, Salinas told police that the glass had accidentally broken against Hooper's head after she stumbled and he tried to prevent her from falling.
¶3 At trial, Hooper testified she only remembered bits and pieces of that night, due to her heavy drinking. She remembered arguing with Salinas and throwing things at him, but said she could not recall Salinas raising a glass and smashing it on her head, and further stated she did not believe that was what had happened. The court then allowed one of the investigating officers to testify about what Hooper had told police about her injury the night of the incident, on the grounds that it was a prior inconsistent statement.

DISCUSSION
¶4 Under WIS. STAT. § 908.01(4)(a)1 (2003-04),[2] an out-of-court statement does not constitute inadmissible hearsay when "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... [i]nconsistent with the declarant's testimony." The issue here is whether the trial court properly exercised its discretion when it determined Hooper's in-court testimony that she could not recall exactly how her head came to be injured was inconsistent with her statement to police that Salinas caused her injury by smashing a glass on her head.
¶5 Salinas cites State v. Lenarchick, 74 Wis. 2d 425, 436, 247 N.W.2d 80 (1976) for the proposition that a trial court cannot declare a witness's testimony denying recollection of an event to be inconsistent with a prior statement regarding that same event unless the trial court has reason to doubt the good faith of such denial. We are not persuaded that Lenarchick should be read as restrictively as Salinas suggests. Although the Lenarchick court held that a trial court could properly deem the in-court denial of recollection of an event to be inconsistent with a prior out-of-court statement where the court had reason to doubt the good faith of the denial of recollection, it did not say that was the only circumstance in which such testimony and a prior out-of-court statement may be deemed inconsistent. It seems the real focus of the inquiry might be whether, in context, the asserted lack of recall can be fairly understood as a repudiation of the prior statement.
¶6 Regardless of how broadly or narrowly Lenarchick is to be read, however, the witness in this case did more than simply deny recollection. Hooper also testified she did not believe that Salinas had hit her over the head with the glass, and that she thought some or even many of the things she had told the police were inaccurate or untrue. We are satisfied that the trial court could properly deem that testimony inconsistent with Hooper's statement to police about how she came to be injured, even if the trial court accepted that Hooper had some genuine memory lapses. Moreover, the trial court could properly have viewed Hooper's selective memory with some suspicion, given her acknowledgement on the stand that she did not want to see Salinas get in trouble for the incident. We therefore conclude the trial court properly deemed Hooper's statement to police admissible under WIS. STAT. § 908.01(4)(a)1.
¶7 Salinas also argues that, even if the prior statement was admissible under the statutory rules of evidence, it was insufficiently reliable to satisfy constitutional due process concerns. Both parties cite the five-part test identified in Vogel v. Percy, 691 F.2d 843, 846-47 (7th Cir. 1982) as the proper standard for evaluating the reliability of prior inconsistent statements for due process purposes. Under the test adopted by the seventh circuit in Vogel, "a prior inconsistent statement could be constitutionally admitted as substantive evidence where: (1) the declarant was available for cross-examination; (2) the statement was made shortly after the events related and was transcribed promptly; (3) the declarant knowingly and voluntarily waived the right to remain silent; (4) the declarant admitted making the statement; and (5) there was some corroboration of the statement's reliability." Id.
¶8 With regard to the first factor, Salinas acknowledges that Hooper was available for cross-examination at trial. As to the second factor, it is clear from the record that Hooper's statements to police were made and transcribed the same evening the incident occurred. Hooper recalled speaking with the police after coming back from the hospital and identified her own signature on each of the five dated pages transcribing her interview.
¶9 Regarding the third factor, Salinas claims that "Hooper did not knowingly and voluntarily waive her right to remain silent because of her undisputed intoxication." Hooper was not the primary subject of the police investigation, however, and the statements at issue were not introduced to incriminate her in any way. The third factor does not appear to be relevant here.
¶10 Salinas claims the fourth factor weighs against use of the statement because "Hooper did not admit making the prior statements. She only admitted the exhibits bore her signature." This assertion is not supported by the record. Although Hooper denied recollection of some of the events described in her statement to police, she did not deny that she made the statement. To the contrary, she testified that she recalled speaking to the police, that she signed the transcript of her interview, and that she knew she "must have said" the things contained in her police statement. Hooper also testified that her level of anger at Salinas could have influenced her perception of the incident and what she told the police that night, implicitly acknowledging that the statements contained in the police report were in fact made.
¶11 Finally, Salinas claims there was no other evidence to corroborate Hooper's out-of-court statement. We disagree. Hooper's statement that Salinas hit her over the head with a glass tumbler after she threw the contents of the glass at him was supported by evidence of the gash on her head and the broken glass and soda on the floor. In sum, we conclude that there were sufficient indicia of reliability to provide Salinas with due process.
By the Court.  Judgment affirmed.
NOTES
[1] The original judgment of conviction has been supplanted by a judgment sentencing Salinas following the revocation of probation. However, this court issued an order extending the time for Salinas to appeal from his conviction, as well as his sentence, based on counsel's representation that Salinas had asked to appeal in a timely manner prior to the revocation proceedings.
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.