Commonwealth *v.* Palmer, Appellant.

284

Submitted April 17, 1972. Before JONES, C. J., EA-GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Alfred P. Filippone,* for appellants.

*Romer Holleran and Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, June 30, 1972:

On August 6, 1970, officers of the Philadelphia police force, responding to a shooting report, found nineteen-year-old Michael Davis staggering about in a dazed condition with what appeared to be a cut in the center of his forehead. The officers transported Davis to St. Joseph's Hospital for emergency treatment. At the hospital, Davis related that he had been talking to two young negro males after which he heard a shot, felt a blow on the back of his head, and then observed the two boys running away. Davis did not know the names of the two boys and was unable to provide the police with an accurate description. On August 14, 1970,

Michael Davis died; the cause of death being a .22 caliber gunshot wound in the back of the head.

Larry Palmer, a seventeen-year-old black youth, was subsequently arrested and charged with the murder of Michael Davis. During Palmer's non-jury trial, testimony revealed that the deceased and the appellant were members of rival Philadelphia gangs. The Commonwealth presented three witnesses who testified that during the week following the shooting of the deceased, the appellant approached them, and while engaged in conversation, admitted to them that he shot Davis in the back of the head. The witnesses further testified that shortly after the appellant admitted shooting Davis, the appellant pulled out a gun, and started shooting, causing injury to two persons. Palmer was found guilty of second degree murder and was sentenced to two and one-half to ten years imprisonment.

Palmer first contends that absent *other corroborating proof,* the extra-judicial admissions of the defendant are insufficient to sustain a finding of guilty on the charge of murder even though there is proof of the corpus delicti. We disagree. In Pennsylvania, the extra-judicial admissions or confessions of the accused are sufficient to convict, if the corpus delicti has been established by independent proof before the extra-judicial statements of the accused are received into evidence. *Commonwealth v. Turza,* 340 Pa. 128, 16 A. 2d 401 (1940). The identity of the party responsible for the act is not an element of the corpus delicti. *Commonwealth v. Butts,* 204 Pa. Superior Ct. 302, 204 A. 2d 481 (1964); *Commonwealth v. Gockley,* 411 Pa. 437, 192 A. 2d 693 (1963); *Commonwealth v. Turza, supra.* Therefore if, ". . . the Commonwealth, in a homicide case, has established that the person for whose death the prosecution was instituted is in fact dead and that death occurred under circumstances indicating that it

was criminally caused by *someone,* the rule is satisfied and admissions or confessions of the accused may then always be received as proof of the identity of the guilty agent. . . ." *Commonwealth v. Turza, supra.*

The appellant contends that *Commonwealth v. Meehan,* 198 Pa. Superior Ct. 558, 182 A. 2d 212 (1962), requires other proof in connection with extra-judicial admissions before the admissions can be used to establish guilt. *Meehan* did not so hold. That case said that admissions or confessions ". . . *may be* considered in connection with other facts or circumstances to prove guilt." (Emphasis supplied.) *Meehan* considered the admissibility of the extra-judicial admission and in that context, the court stated that the extra-judicial admission *may* be considered in connection with other facts or circumstances. *Meehan* did not hold that other facts and circumstances—in addition to the corpus delicti—were necessary before the extra-judicial admission could be considered.

The appellant also argues that since the witnesses presented by the Commonwealth were extremely biased and had criminal records themselves, the trial judge erred by concluding that their testimony was sufficient to convict the defendant of second degree murder.

An appellate court reviewing the sufficiency of the evidence tests whether ". . . accepting as true all of the evidence upon which a verdict could properly have been based, it is sufficient to prove beyond a reasonable doubt that the defendant is guilty of the crime charged." *Commonwealth v. Butts, supra.* Accord, *Commonwealth v. Gockley, supra; Commonwealth v. Gooslin,* 410 Pa. 285, 189 A. 2d 157 (1963) ; *Commonwealth v. Burns,* 409 Pa. 619, 187 A. 2d 552 (1963). The court has the option of believing all, part of, or none of, the defendant's testimony, statements or confessions, or the testimony of any witnesses. *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A. 2d 195 (1970).

In the instant case the Commonwealth presented three witnesses who were all members of the same gang to which the deceased belonged. They testified on direct examination that the appellant, a member of a rival gang, approached them while they were standing on a street corner and boasted to them that he had shot their corner man "Bird" (Davis) in the back of the head. The three witnesses also testified that shortly after the appellant informed them he was the one who shot Davis, he pulled a sawed-off rifle from under his coat and starting shooting, wounding two persons.

When the appellant testified, he denied shooting Davis, but did admit meeting the three Commonwealth witnesses, discussing with them the shooting of Davis, and then shooting several persons following the discussion. The judge found the testimony of the three witnesses more credible than that of the appellant, and chose to believe their testimony. Therefore, accepting their testimony as true, there was sufficient evidence to prove beyond a reasonable doubt that the appellant was guilty of the crime charged.

The appellant also contends that the evidence was not sufficient to sustain a verdict of second degree murder. We do not agree. The common law definition of murder in Pennsylvania is ". . . an unlawful killing of another with malice aforethought, express or implied." *Commonwealth v. Gooslin, supra.* By statute, murder is further classified into two degrees. Murder in the first degree is murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetuate any arson, rape, robbery, burglary, or kidnapping. *All other kinds of murder shall be murder in the second degree.* (Emphasis supplied.) Act of June 24, 1939, P. L. 872, Sec. 701, as amended; 18 P.S. 4701).

288

Second degree murder is established if malice can be inferred or implied from the facts and circumstances surrounding the killing. Here the killing was accomplished by use of a gun which lodged a .22 caliber bullet in the back of the victim's head. Malice is properly implied when a deadly weapon is directed to a vital part of the body. *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A. 2d 108 (1970).

Finally, the appellant asserts that because of the minimum sentence he received, it is *obvious* that the lower court had reservations as to its guilty verdict. We cannot agree. The sentence imposed by the trial court was according to the law which provides that those convicted of murder of the second degree, for the first time, shall be sentenced to imprisonment for a term not exceeding twenty (20) years. (18 P.S. 4701.) We cannot conclude that reservations as to guilt exist when a lower court imposes less than the maximum sentence.

Judgment of the lower court is affirmed.