J-S50021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE J. HANDLOVIC | |
| Appellant | No. 3519 EDA 2014 |

Appeal from the PCRA Order November 24, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002298-2013

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 10, 2015**

Appellant, Lawrence J. Handlovic, appeals from the November 24, 2014 order, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Our review of the certified record discloses the following procedural history of this case.  On April 8, 2009, Appellant was charged by criminal complaint with burglary, graded as a first-degree felony; criminal trespass, graded as a third degree felony; theft by unlawful taking, graded as a second degree felony; receiving stolen property, graded as a second degree

felony; and criminal mischief, graded as a summary offense.[1] On October 31, 2013, Appellant entered an open plea of guilty to all charges. The trial court sentenced Appellant that same day to a term of incarceration of 24 to 48 months for the burglary, a concurrent term of incarceration of 12 to 24 months for the criminal trespass, a consecutive term of incarceration of 24 to 48 months for the theft by unlawful taking, for an aggregate sentence of 4 to 8 years' incarceration. On November 8, 2013, Appellant filed a motion to reconsider the sentence, which the trial court denied on November 13, 2013. Appellant did not file a direct appeal.

On April 7, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant and subsequently scheduled an "issue-framing conference" for May 23, 2014. At that conference, Appellant limited his issue to the legality of his sentence based on a failure to merge the theft charge with the burglary charge. N.T., 5/23/14, at 4-5. On July 2, 2014, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907.[2] On November 24, 2014, the

---

[1] 18 Pa.C.S.A. §§ 3503(a)(2), 3503(a)(1)(i), 3925(a), and 3304(a)(2), respectively.

[2] On August 1, 2014, Appellant filed a premature notice of appeal, which this Court quashed on November 13, 2014. *Per Curiam* Order, 11/13/14, 2230 EDA 2014.

PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal on December 2, 2014.[3]

On appeal, Appellant raises a single issue for our review.

> Whether plea counsel was ineffective in failing to file a motion to reconsider an illegal sentence and/or appeal to the Pennsylvania Superior Court where [A]ppellant claims that [second-degree felony] theft of a firearm merges with burglary where the underlying criminal conduct is one single criminal act?

Appellant's Brief at 3.

We address this issue in compliance with the following standards.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a

---

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. The PCRA court referenced its statement of reasons that accompanied its July 2, 2014 Rule 907 notice of intent as containing the reasons for its decision.

*de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014).  Additionally, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).  These issues must be neither previously litigated nor waived.  ***Id.*** at § 9543(a)(3).  "Issues concerning the legality of sentence are cognizable under the PCRA."[4]  ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) (citation omitted).

> "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence.  Therefore, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012) (citation omitted).  "An illegal sentence must be vacated.  In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law."

---

[4] Appellant couches his issue as an ineffective assistance of counsel claim. However, as stated, the legality of a sentence may be challenged directly through the PCRA, and it is in this posture that Appellant's argument is developed.  We therefore address Appellant's issue simply as a PCRA challenge to the legality of the sentence imposed by the trial court.  "It is settled that a legality-of-sentence issue may be reviewed *sua sponte* by this Court, due to the fact that an illegal sentence must be vacated." ***Commonwealth v. Stradley***, 50 A.3d 769, 774 (Pa. Super. 2012) (citation omitted).

*Commonwealth v. Poland*, 26 A.3d 518, 523 (Pa. Super. 2011) (citation omitted), *appeal denied*, 37 A.3d 1195 (2012).

Our legislature has defined the circumstances under which convictions for separate crimes may merge for the purpose of sentencing.

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

Our Supreme Court determined that

the plain language of Section 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." … [Our Supreme Court] held that when each offense contains an element the other does not, merger is inappropriate.

*Quintua*, *supra* at 401, *quoting* **Commonwealth v. Baldwin**, 604 Pa. 34, 985 A.2d 830, 837 (2009). In essence, "[o]ur merger statute merely codified the adoption by the [**Commonwealth v. Tarver**, 493 Pa. 320, 426 A.2d 569 (1981)]/[**Commonwealth v. Anderson**, 538 Pa. 574, 650 A.2d 20 (1994)] decisions of the **Blockburger**[**v. United States**, 284 U.S. 299 (1932)] test and upholds the long-standing merger doctrine relative to greater and lesser-included offenses." **Commonwealth v.**

> *Wade*, 33 A.3d 108, 120 (Pa. Super. 2011), *appeal denied*, 51 A.3d 839 (2012).
>
> > To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 24 (1994). If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*
>
> *Commonwealth v. Johnson*, 874 A.2d 66, 70–71 (Pa. Super. 2005), *appeal denied,* 587 Pa. 720, 899 A.2d 1122 (2006).

*Commonwealth v. Nero*, 58 A.3d 802, 806-807 (Pa. Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013). "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Jenkins*, 96 A.3d 1055, 1056 (Pa. Super. 2014) (citation omitted), *appeal denied*, 96 A.3d 1055 (Pa. 2014). "The exception to [the elements-based general rule] is when a statute dictates the manner and method by which merger will occur." *Commonwealth v. Springer*, 961 A.2d 1262, 1265 (Pa. Super. 2008) (citation omitted).

Instantly, "Appellant argues that the Court was bound to apply the elements test of Title 42 Pa.C.S. §9765 in accordance with the plain

language interpretation of Section 9765 revealed by the General Assembly."
Appellant's Brief at 9. Appellant proceeds to aver in conclusory fashion, that
"[h]ere, the criminal acts of [] Appellant involve a theft inside a residence.
The crime of burglary was charged. The crime of theft is the underlying
criminal event that is the lesser included element of burglary." *Id.* We
disagree.

Contrary to Appellant's bald assertion, each subject crime contains an
essential element not required to prove the other. In other words, neither
crime is a lesser-included offense of the other. "Under Pennsylvania law the
crime of burglary is defined as an unauthorized entry with the intent to
commit a crime after entry." *Commonwealth v. Alston*, 651 A.2d 1092,
1094 (Pa. 1994) (citations omitted).[5] "Proof of Theft by Unlawful Taking

_____

[5] The statute provides as follows.

> **§ 3502. Burglary**
>
> **(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> …
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;
>
> …

18 Pa.C.S.A. § 3502(a)(2).

- 7 -

requires three elements: (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently)." **Commonwealth v. Young**, 35 A.3d 54, 62 (Pa. Super. 2011) (citation omitted), *appeal denied*, 48 A.3d 1249 (Pa. 2012).[6]

Here, Appellant claims theft by unlawful taking is a lesser-included offense of burglary, implicitly acknowledging that burglary includes an element of proof not required to prove theft, *i.e.*, entry of a structure. However, the Commonwealth is not required to prove an actual taking, which is a necessary element of the theft charge, in order to establish a burglary charge. Rather, the Commonwealth is only required to prove an intent to commit a crime upon unlawful entry.

> We do note that the Commonwealth is not required to specify what crime a defendant, who is charged with burglary [], was intending to commit. Further, the Commonwealth need not prove the underlying crime to sustain a burglary conviction. **Commonwealth v. Lease**, 703 A.2d 506 (Pa. Super. 1997) (burglary conviction affirmed where

---

[6] The statute provides as follows.

> § 3921. Theft by unlawful taking or disposition
>
> **(a) Movable property.**--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
>
> …

18 Pa.C.S.A. § 3921(a)

> defendant was acquitted of the underlying crimes of theft and receiving stolen property because the factfinder could have determined that the defendant entered the residence with the intent to steal but did not consummate the theft after entry.) ***See also, Commonwealth v. Alston***, 651 A.2d 1092, 1095 ([Pa.] 1994) (Commonwealth is not required to allege or prove what particular crime the defendant intended to commit after entry into a residence.)

***Commonwealth v. Brown***, 886 A.2d 256, 260, (Pa. Super. 2005) (parallel citation omitted), *appeal denied*, 902 A.2d 969 (Pa. 2006). Therefore, the charges of burglary and theft by unlawful taking each contain elements of proof not required by the other. Accordingly, they do not merge pursuant to Section 9765.[7]

Based on the foregoing, we conclude Appellant's claim that his sentence was illegal because the trial court failed to merge his burglary and theft by unlawful taking convictions for the purpose of sentencing is groundless. Accordingly, we discern no error by the PCRA court in dismissing Appellant's PCRA petition, and we affirm its November 24, 2014 order.

---

[7] Appellant acknowledges that the exception to the general elements-based merger principles of Section 9765 as provided by 18 Pa.C.S.A. § 3502(d) does not apply to the instant case because the theft by unlawful taking count is graded as a second-degree felony. **See** Appellant's Brief at 10, *citing*, 18 Pa.C.S.A. § 3502(d) (providing, "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree"); **see also** PCRA Court's Rule 907 Notice and Statement of Reasons, 7/2/14, at 1-3.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/10/2015</u>