J-S88014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMARR WANAMAKER, | |
| Appellant | No. 819 EDA 2016 |

Appeal from the Judgment of Sentence of January 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010007-2011

BEFORE: OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 07, 2017**

Appellant, Lamarr Wanamaker, appeals from the judgment of sentence entered on January 25, 2013. We affirm in part and vacate in part.

This Court previously set forth the factual background of this case as follows:

> On September [11,] 2010, a group of men, including Neville Franks and Shakiel Taylor, were walking to a park at B and Rockland Streets in North Philadelphia. The group was a few blocks away from the park, on Ruscomb Street when Appellant and Jerek Anderson approached the group. Appellant asked, "where the money at? where the drugs at? I heard you all be out there selling." Taylor responded saying that he did not have any money or drugs. Appellant then took out a revolver and searched Taylor's pockets. Appellant threw the things in Taylor's pockets on the ground.
>
> Appellant demanded to search Franks. Franks refused. Appellant then shot Franks twice. Franks died.

---

* Retired Senior Judge assigned to the Superior Court

*Commonwealth v. Wanamaker*, 91 A.3d 1295, 2013 WL 11249181, *1 (Pa. Super. 2013) (unpublished memorandum) (internal alterations, ellipses, and honorifics omitted).

On September 12, 2011, the Commonwealth charged Appellant via criminal information with second-degree murder,[1] two counts of robbery,[2] simple assault,[3] carrying a firearm without a license,[4] carrying a firearm on the streets of Philadelphia,[5] and possessing an instrument of crime.[6] On January 25, 2013, Appellant was convicted of second-degree murder, two counts of robbery, carrying a firearm without a license, and possessing an instrument of crime. He was immediately sentenced to life imprisonment without the possibility of parole for Franks' murder. He was also sentenced to 10 to 20 years' imprisonment each for robbing Franks and Taylor, three to six years' imprisonment for carrying a firearm without a license, and one to two years' imprisonment for possessing an instrument of crime. The trial court ordered those four sentences to run concurrently with Appellant's life sentence.

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701(a)(1)(i).

[3] 18 Pa.C.S.A. § 2701(a).

[4] 18 Pa.C.S.A. § 6106(a)(1).

[5] 18 Pa.C.S.A. § 6108.

[6] 18 Pa.C.S.A. § 907(a).

This Court affirmed Appellant's judgment of sentence because he waived the only issue raised on direct appeal. *See generally id.* Appellant did not seek allowance of appeal from our Supreme Court. On November 24, 2014, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In that petition, Appellant alleged that his direct appellate counsel provided ineffective assistance by waiving the only issue raised during Appellant's direct appeal. Therefore, he sought reinstatement of his direct appellate rights *nunc pro tunc*. **Cf. Commonwealth v. Pulanco**, 954 A.2d 639, 642 (Pa. Super. 2008) (citation omitted) (when counsel waives all issues on direct appeal a petitioner is entitled to reinstatement of his direct appellate rights *nunc pro tunc*). On February 11, 2016, the PCRA court granted Appellant's petition and reinstated his direct appellate rights *nunc pro tunc*. This reinstated direct appeal followed.

Appellant presents one issue for our review:

Did the [trial] court impose an illegal sentence on one of Appellant's robbery convictions because that conviction merged with [his] second[-]degree murder conviction for purposes of sentenc[ing]?

Appellant's Brief at 3 (complete capitalization omitted). [7]

---

[7] Appellant did not preserve his lone issue in his concise statement of errors complained of on appeal; however, issues relating to the legality of a sentence cannot be waived. **See Commonwealth v. Wolfe**, 140 A.3d 651, 655 (Pa. 2016) (citations omitted). Moreover, because this is an appeal from a judgment of sentence instead of an appeal from the grant or denial of PCRA relief, this Court's decision in **Commonwealth v. Ousley**, 21 A.3d

- 3 -

In his lone issue, Appellant argues that his conviction for robbing Franks should have merged with his second-degree murder conviction for purposes of sentencing. "A claim that convictions merge for sentencing is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Kimmel***, 125 A.3d 1272, 1275 (Pa. Super. 2015) (*en banc*), *appeal denied*, 136 A.3d 980 (Pa. 2016) (citation omitted).

Merger in Pennsylvania is governed by section 9765 of the Sentencing Code. Section 9765 provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." ***Commonwealth v. Raven***, 97 A.3d 1244, 1249 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citation omitted).

The law in this Commonwealth has long been that the predicate felony merges with a second-degree murder conviction for purposes of sentencing.

---

1238 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011), is inapposite.

*E.g., Commonwealth v. Rushing*, 99 A.3d 416, 420 (Pa. 2014); *Commonwealth v. Adams*, 39 A.3d 310, 325 (Pa. Super. 2012), *aff'd*, 104 A.3d 511 (Pa. 2014); *Commonwealth v. Gillespie*, 516 A.2d 1180, 1182 (Pa. 1986); *Commonwealth v. Garnett*, 485 A.2d 821, 829 (Pa. Super. 1984) *Commonwealth v. Fortune*, 451 A.2d 729, 731 (Pa. Super. 1982); *Commonwealth v. Tarver*, 426 A.2d 569, 570 (Pa. 1981).[8] In other words, a predicate felony and second-degree murder *ipso facto* (1) arise from a single criminal act, and (2) all of the elements of the predicate felony are included within the elements of second-degree murder. *See Adams*, 39 A.3d at 325. In this case, the predicate felony for Appellant's second-degree murder conviction was Franks' robbery. *See* Criminal Information, 9/12/11, at 1. Thus, the two convictions merge for sentencing purposes.

The Commonwealth relies on *Commonwealth v. Weatherill*, 24 A.3d 435 (Pa. Super. 2011), *appeal denied*, 63 A.3d 777 (Pa. 2013), in support of its argument that Appellant was charged with separate criminal acts. In *Weatherill*, this Court held that a conviction for kidnapping did not merge with a conviction for second-degree murder. *Id.* at 437 n.1. The Commonwealth's reliance on *Weatherill* is misplaced; however, because the predicate felony in *Weatherill* was kidnapping – not robbery. *See Weatherill*, 24 A.3d at 437 n.1. Thus, the convictions for kidnapping and

---

[8] We acknowledge that cases decided before enactment of section 9765 are not binding. We cite these cases merely to show that courts in this Commonwealth have held that the predicate felony merges with a second-degree murder conviction both before and after enactment of section 9765.

second-degree murder did not merge for purposes of sentencing.  ***See id.***
As such, ***Weatherill*** is not instructive with regard to the merger of second-degree murder with the predicate felony of robbery.

In sum, we conclude that Appellant's sentence for robbing Franks (count four of the criminal information) was illegal.  We vacate that portion of Appellant's judgment of sentence and affirm the remainder of Appellant's judgment of sentence.  As vacatur of Appellant's judgment of sentence with respect to count four does not disrupt the trial court's overall sentencing scheme, we decline to remand for re-sentencing.

Judgment of sentence with respect to count four vacated.  Judgment of sentence affirmed in all other respects.  Jurisdiction relinquished.

Judge Ransom joins this memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017

- 6 -