**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2120 EDA 2025 |

Appeal from the PCRA Order Entered July 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000909-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2121 EDA 2025 |

Appeal from the PCRA Order Entered July 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000910-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2122 EDA 2025 |

Appeal from the PCRA Order Entered July 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000911-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S15024-26

                        v.                             :

      :

ROBERT LONG                     :

      :

               Appellant          :   No. 2123 EDA 2025

Appeal from the PCRA Order Entered July 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000912-2019

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:              **FILED JUNE 18, 2026**

Robert Long (Appellant), *pro se*, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

In 2018, Appellant, along with two co-defendants, staged a drug transaction in order to rob one of four victims.  During the incident, one of the co-defendants shot and killed all four victims.  The Commonwealth subsequently charged Appellant, at four trial court docket numbers, with murder and related offenses.  On January 2, 2020, Appellant entered an open guilty plea to a total of four counts of third-degree murder, two counts of robbery – inflict serious bodily injury, and one count each of criminal conspiracy and possession of an instrument of crime.[1]  Subsequently, on July

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 903, 907.

14, 2020, the trial court sentenced Appellant to an aggregate 25 to 50 years in prison. Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied Appellant's motion and, on the same date, permitted plea counsel to withdraw from representation. Appellant did not file a direct appeal.

On March 22, 2021, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. Therein, PCRA counsel explained that after plea counsel was permitted to withdraw, the trial court failed to appoint new counsel to assist Appellant in filing a direct appeal. The PCRA court granted the PCRA petition and reinstated Appellant's direct appeal rights, *nunc pro tunc*. Following his *nunc pro tunc* appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Long*, 279 A.3d 1274, 1184-1187 EDA 2021 (Pa. Super. 2022) (unpublished memorandum). Pertinently, this Court deemed Appellant's discretionary sentencing claim waived, because it raised a new argument that had not been preserved in his post-sentence motion. *See id.* (unpublished memorandum at 4-5). Our Supreme Court denied allowance of appeal. *See Commonwealth v. Long*, 293 A.3d 249 (Pa. 2023).

Appellant, *pro se*, filed a timely PCRA petition on April 25, 2023, raising several ineffective assistance of counsel claims. The PCRA court appointed George S. Yacoubian, Jr., Esquire (Attorney Yacoubian), as counsel, who filed

a petition to withdraw from representation and a **Turner**/**Finley**[2] no-merit letter. The PCRA court permitted Attorney Yacoubian to withdraw and appointed Steven O'Hanlon, Esquire (Attorney O'Hanlon), to represent Appellant. Attorney O'Hanlon filed an amended PCRA petition, asserting direct appeal counsel was ineffective for failing to perfect Appellant's discretionary sentencing claim through the filing of a *nunc pro tunc* post-sentence motion to preserve the discrete argument. Additionally, Attorney O'Hanlon argued that Attorney Yacoubian was ineffective for failing to raise this claim, and for seeking withdrawal under **Turner**/**Finley**. Attorney O'Hanlon therefore requested that the PCRA court reinstate Appellant's post-sentence and direct appeal rights, *nunc pro tunc*. The PCRA court granted Appellant leave to file a *nunc pro tunc* direct appeal, but denied his request to amend his post-sentence motion.

Appellant promptly filed a *nunc pro tunc* direct appeal. This Court again affirmed Appellant's judgment of sentence, and on November 19, 2024, our Supreme Court denied allowance of appeal. **See Commonwealth v. Long**, 323 A.3d 220, 2476-2479 EDA 2023 (Pa. Super. 2024) (unpublished memorandum), **appeal denied**, 329 A.3d 590 (Pa. 2024).

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 24, 2024, Appellant, *pro se*, filed a timely PCRA petition.[3,][4] The PCRA court appointed Appellant counsel, who was later permitted to withdraw following Appellant's request to represent himself and a ***Grazier***[5] hearing. On April 14, 2025, Appellant, now *pro se*, filed an amended PCRA petition, asserting his prior counsel rendered ineffective assistance;[6] the trial court imposed an illegal sentence; and the trial court exhibited impropriety. On the same date, Appellant filed a *pro se* motion for recusal, arguing the PCRA court "has a fixed and substantial bias" against him. Motion for Recusal, 4/14/25. The PCRA court considered Appellant's motion for recusal simultaneously with his amended PCRA petition. ***See*** Rule 907 Notice, 5/29/25, at 3 (unnumbered) (informing Appellant that his motion for recusal "is being subsumed into [his] PCRA petition for consideration").

The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, and

---

[3] "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013).

[4] Appellant's *pro se* PCRA petition does not appear in the certified record, nor was its filing noted on the docket. However, the PCRA court and the Commonwealth agree as to the date of filing.

[5] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[6] The Honorable Barbara A. McDermott presided over Appellant's guilty plea hearing and sentencing, as well as his previous PCRA proceedings.

on the same date, filed a motion for a determination of finality under Pa.R.A.P. 341(c). On July 10, 2025, the PCRA court issued an opinion and order denying Appellant's PCRA petition.

Appellant timely appealed.[7, 8] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement, and the court did not file a separate Rule 1925(a) opinion.

Appellant raises the following issues for review:

1. Did the PCRA court err by failing to issue a final order for Appellant's motion to recuse in order to allow Appellant to file an appeal [from] that order?

2. Did the PCRA court illustrate an appearance of judicial impropriety by denying relief when Appellant has merit that warrants relief?

3. W[ere] trial and PCRA [counsel] ineffective when failing to challenge the multiple punishments for the same offense with the

---

[7] Appellant subsequently filed additional *pro se* motions, all of which the PCRA court denied. On August 7, 2025, <u>after</u> Appellant filed the instant appeal, the PCRA court issued a separate order dismissing Appellant's PCRA petition. **See generally** Pa.R.A.P. 1701(a) (providing that "after an appeal is taken … the trial court … may no longer proceed further in the matter.").

[8] Appellant's *pro se* notice of appeal identifies all four trial court dockets, in contravention of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket). This Court issued an order directing Appellant to file an amended notice of appeal at each docket, each of which must identify only a single docket number. Order, 9/26/25; **see also Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (permitting appellate courts to allow for correction when a timely appeal is erroneously filed at only one docket). Appellant has complied with this Court's directive. Additionally, upon application of Appellant, this Court consolidated the appeals.

intention of protecting Appellant's constitutional rights under the double jeopardy clause?

4. Was there a perpetration of fraud upon the court?

Appellant's Brief at 6 (some capitalization modified).

We are mindful of our standard of review:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

**Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citations omitted).

In his first claim, Appellant argues the PCRA court erred by failing to file a final order disposing of his motion for recusal. Appellant's Brief at 9-10.

Contrary to Appellant's assertion, the PCRA court rendered a final decision concerning the motion to recuse in its opinion and order denying Appellant's PCRA petition. Further, the PCRA court informed Appellant, through its Rule 907 notice, that his motion to recuse would be subsumed into his PCRA petition for disposition. **See** Rule 907 Notice, 5/29/25, at 3 (unnumbered). Though Appellant apparently wished to file a separate appeal from the PCRA court's denial of his recusal motion, an order denying a motion for recusal is not a final order. **See Commonwealth v. Brown**, 141 A.3d 491, 498 n.6 (Pa. Super. 2016) (concluding the order denying the appellant's

motion for recusal was not a final order; the appeal properly lies from the subsequent dismissal of the appellant's PCRA petition).

Appellant cites no authority in support of his suggestion that the PCRA court was required to dispose of his motion for recusal before issuing Rule 907 notice. Additionally, we discern no error or abuse of the PCRA court's discretion in considering Appellant's motion for recusal simultaneously with his PCRA petition.[9] Appellant's first claim does not entitle him to relief.

In his second claim, Appellant argues the PCRA court's denial of relief created the appearance of judicial impropriety. Appellant's Brief at 10. Though Appellant characterizes this claim as a challenge to the PCRA court's impartiality, the content of his argument suggests a challenge to the legality of his sentence. *See id.* at 10-11. Appellant argues his constitutional protection against double jeopardy was violated because the trial court imposed separate, consecutive sentences for his robbery and third-degree murder convictions. *Id.* at 10 (alleging that "[r]obbery was a constituent offense of the [m]urder, therefore, the same offense, because the malice necessary to make a killing is constructively inferred from the malice incident

_____

[9] Moreover, in its opinion and order, the PCRA court set forth the standard of review governing a motion for recusal, addressed the merits of Appellant's claim, and concluded it "conducted itself fairly and without prejudice or bias throughout [Appellant's] proceedings…." Opinion and Order, 7/10/25, at 6-7. To the extent that Appellant's claim challenges the denial of his motion to recuse, we would conclude the PCRA court did not abuse its discretion in declining to recuse.

to the perpetration of the initial felony."). Additionally, Appellant claims the trial court improperly imposed sentences at four separate docket numbers based on a single criminal act. *Id.* at 11 (citing Pa.R.Crim.P. 505(b) ("When more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case.")).

"A claim [that] a petitioner is serving an illegal sentence is cognizable under the PCRA as long as the claim is raised in a timely petition." *Commonwealth v. Moore*, 247 A.3d 990, 993 (Pa. 2021). "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hernandez*, 328 A.3d 1159, 1165 (Pa. Super. 2024) (citation omitted).

Appellant's claim, even if granted a liberal construction,[10] is not adequately developed for appellate review. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Appellant primarily cites to inapplicable

_____

[10] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.*

legal authority, and fails to identify any support for his proposition that his robbery and third-degree murder convictions should have merged for sentencing purposes. Nevertheless, we briefly address Appellant's legality claims.

The Sentencing Code dictates that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Thus, even where a defendant's crimes arise from a single act, the merger analysis "begins and ends with the statutory elements of each offense." *Commonwealth v. George*, 327 A.3d 1248, 1250 (Pa. Super. 2024) (citation omitted).

Here, Appellant pled guilty to two counts of third-degree murder and two counts of robbery – inflict serious bodily injury. Robbery – inflict serious bodily injury is committed when, "in the course of committing a theft," the defendant "inflicts serious bodily injury upon another[.]" 18 Pa.C.S.A. § 3701(a)(1)(i). As this Court has explained,

> [m]urder, by contrast, is defined in the statute by degrees: murder of the first degree (committed by an intentional killing), murder of the second degree (committed in the perpetration of a felony), and murder of the third degree ("All other kinds of murder"). 18 Pa.C.S.[A.] § 2502. As interpreted by case law, the elements of murder of the third degree are that "the accused killed another person with malice." *Commonwealth v. Geiger*, 944 A.2d 85, 90 (Pa. Super. 2008).

*George*, 327 A.3d at 1250.

While a conviction for third-degree murder requires proof that the defendant caused the victim's death, a robbery conviction under section 3701(a)(1)(i) does not. Likewise, the harm necessary to support a robbery conviction under this section must be inflicted *in the course of committing a theft*, while a third-degree murder conviction has no such requirement. Accordingly, based on the elements of the offenses, robbery does not merge with third-degree murder for sentencing purposes.[11]

Regarding Appellant's challenge based on Pa.R.Crim.P. 505(b), we emphasize that Appellant was not subjected to multiple prosecutions arising from the same criminal episode. Instead, Appellant simultaneously entered guilty pleas to charges at four docket numbers, with each docket pertaining to a different victim. ***See*** N.T. (guilty plea), 1/2/20, at 32-33 (discussing

---

[11] Appellant cites ***Commonwealth v. Tarver***, 426 A.2d 569 (Pa. 1981), in support of his proposition. The ***Tarver*** Court was tasked with considering whether robbery merged with murder for sentencing purposes. Importantly, at the time, the applicable murder statute "separated that offense into two degrees" without supplying a statutory definition. ***Id.*** at 573. Under then-applicable common law, first-degree murder included killings committed "in perpetration of one of five enumerated felonies, one of those felonies being robbery." ***Id.*** at 574. The ***Tarver*** Court concluded the appellant's first-degree murder and robbery convictions merged because "the robbery not only supplied the malice to establish murder, it also supplied the aggravating factor necessary to sustain murder of the first degree." ***Id.***

However, under the current statutory scheme, Appellant's reliance on ***Tarver*** is unavailing. Now, felony-murder is codified at 18 Pa.C.S.A. § 2502(b) as **second**-degree murder. Appellant pled guilty to four counts of **third**-degree murder, which does not require the commission of a predicate offense.

- 11 -

which docket number pertains to each victim). Appellant briefly avers that the court imposed separate court costs at each docket. Appellant's Brief at 11. However, for a violation of Rule 505(b), "[t]he only remedy is relief from the additional costs incurred from defending the second action separately." *Commonwealth v. Shull*, 811 A.2d 1, 6 (Pa. Super. 2002). By virtue of entering guilty pleas at all four dockets, Appellant was not forced to defend a second or subsequent action. Thus, Appellant's challenges to the legality of his sentence merit no relief.

In his third claim, Appellant argues all prior counsel were ineffective[12] for failing to challenge his judgment of sentence, which he believes included multiple punishments for the same offense. Appellant's Brief at 12.

The entirety of Appellant's vague argument is one paragraph and includes a solitary citation to the attorneys' oath of office (42 Pa.C.S.A. § 2522). *See* Pa.R.A.P. 2119(a); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to

_____

[12] To succeed on an ineffective assistance of counsel claim, an appellant must demonstrate that

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

adequately develop his argument, meaningful appellate review is not possible." (citation omitted)). Significantly, Appellant fails to identify or discuss any of the elements required to establish an ineffectiveness claim. As our Supreme Court has stated, "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001); ***see also Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (stating that an appellant's failure to satisfy any prong of the ineffectiveness test requires rejection of the claim). Because Appellant failed to adequately develop this claim, it is waived.

In his fourth and final claim, Appellant argues the Commonwealth "filed multiple complaints to deceive the court into imposing multiple punishments." Appellant's Brief at 13. Appellant also asserts his prior counsel failed to effectively defend him from "these Constitutional injuries." ***Id.***

Appellant's argument is not adequately developed for our review, as it contains only bald allegations of error and passing references to the attorneys' oath of office and the Rules of Professional Conduct. ***See*** Pa.R.A.P. 2119(a); ***see also McMullen***, ***supra***. Further, this claim is nothing more than an amalgamation of Appellant's previous two claims, both of which are without merit.

- 13 -

Based upon the foregoing, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2026